## ROSBOROUGH v. BOARDMAN.

### No. 9947; March 27, 1885.

#### 6 Pac. 449.

**County Assessor of Alameda.**—The California County Government Act of March 14, 1883, did not go into effect for the purpose of creating county offices until January 1, 1885, and therefore prior to that date there was no such office as county assessor of Alameda county.

Application for mandamus to compel the auditor of Alameda county to draw a warrant for payment of petitioner's salary as assessor of a county.

R. A. Redmond for petitioner; S. P. Hall, W. R. Davis and D. C. Robinson for respondent.

By the COURT.—If there was not, immediately preceding the date of the passage of the act to "establish a uniform system of county and township governments" (approved March 14, 1883), any such office as that of "county assessor of Alameda county," there is not any such office now, unless

it was created by some provision of that act; and if such' an office was created by any provision of that act, such provision did not take effect prior to the first Monday after the first day of January, 1885, as clearly appears by section 181: "Any provision of this act, creating a county office in any county, shall not (except for election purposes) take effect prior to the first Monday after the first day of January, eighteen hundred and eighty-five": Stats. & Amend. Codes 1883, p. 365.

The petitioner's alleged appointment was made prior to the first day of January, 1885, and before any provision of the act of March 14, 1883, "creating a county office" in Alameda county, had taken effect. Petitioner, however, insists that the act of February 10, 1874, which abolished the office of county assessor of Alameda county and created township assessors therein, was repealed by section 4109, Political Code, which went into effect March 7, 1881. The later act does not expressly repeal the former; and, as we are unable to discover any repugnancy between the two, we cannot hold that there is a repeal by implication. As the right of the petitioner depends (1) on there being such an office as that which he claims to have been appointed to fill, at the date of his alleged appointment; and (2) on there being a vacancy in the office at that date—it follows from the foregoing that his application for a writ to compel the respondent to draw his warrant on the treasury for the payment of his (petitioner's) salary as "county assessor" must be denied.

Application denied.